UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Elena Vorice                                                    PLAINTIFF

v.                                                  No. 3:19-cv-848-BJB-RSE

BellSouth Telecommunications,                                  DEFENDANTS
LLC, et al.

* * * * *

## MEMORANDUM OPINION & ORDER

Elena Vorice sued her former employer and supervisor—BellSouth Telecommunications and Jay Foster—for race and sex discrimination and retaliation under Title VII (42 U.S.C. §§ 2000e–2000e-17). Complaint (DN 1) at 5. Vorice received her Notice of Right to Sue from the EEOC on August 19, 2019 and filed suit 92 days later, on November 19, 2019. *Id.* at 1, 6. This is 2 days after the 90-day time limit set by Title VII. 42 U.S.C. § 2000e–5(e) & (f)(1). So the Court must dismiss. *See Page v. Metro. Sewer Dist. of Louisville & Jefferson Cty.*, 84 F. App'x 583, 584–85 (6th Cir. 2003) (affirming dismissal because pro se litigant filed outside 90-day window and denying equitable tolling as applicable).

Vorice raises two counterarguments. Neither saves her claims.

First, she does not have counsel and is representing herself in this case. DN 25 at 2. But Vorice is apparently not a prisoner and her response, even read charitably, does not make any sort of tolling argument or otherwise explain why she filed her complaint when she did. And the relevant decisions in this Circuit do not exempt pro se litigants from the 90-day requirement. *See Arredondo v. Brushwellman, Inc.*, No. 99-3361, 1999 WL 1253077, at *1 (6th Cir. 1999) (affirming sua sponte dismissal of pro se plaintiff's complaint filed outside 90-day filing period); *Runner v. Kentucky*, No. 3:10-cv-410, 2011 WL 227644, at *2–3 (W.D. Ky. Jan. 21, 2011) (granting motion to dismiss pro se complaint filed outside 90-day filing period).

Second, Vorice contends that she mailed the complaint to the Court within the 90-day period, even if it didn't arrive until 92 days had passed. DN 25 at 3. In support of a mailbox-rule extension of Congress' limitations period, she cites *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984). There the Supreme Court *enforced* the 90-day limitations period by affirming the district court's dismissal. Vorice quotes its "presump[tion]," citing Federal Rule of Civil Procedure 6(e) (now Rule 6(d)) that a right-to-sue notice was received 3 days after its issuance. *Id.* at 148 n.1. But the Court was referring to the EEOC's notice, not the plaintiff's complaint. As BellSouth notes, Rules 3 ("Commencing an Action") and 5(d)(2) ("Nonelectronic filing"), rather

1

than Rule 6(d) ("Additional time after certain kinds of service"), applies to the filing of a new complaint.  DN 27 at 3.

In a similar Title VII case, the Sixth Circuit held that a pro se litigant's claim had to be dismissed because the case was filed a day late.  *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331–32 (6th Cir. 1989).  The plaintiff argued that Rule 6(e) gave him 3 extra days for mailing.  *Id.* at 331.  The Sixth Circuit rejected this argument: the 90-day period starts when the Notice of Right to Sue is received by the plaintiff, and the Court would not add time on either side of the period.  *Id.*; *see also Stambaugh v. Kan. Dep't of Corr.*, 844 F. Supp. 1431, 1433 (D. Kan. 1994) (collecting cases, including *Peete*, 885 F.2d at 331–32, for the proposition that the 3-day mailbox-rule presumption under what is now Rule 6(d) does not apply to Title VII's deadline for filing suit after a known date of receipt of the notice).  Here, no one disputes when Vorice received her notice, or the fact that the clerk received the complaint 92 days later.  Complaint at 1, 6; DN 24 at 5; DN 25 at 3

The only other authority she cites is a regulation promulgated by the Bureau of Alcohol, Tobacco, Firearms, and Explosives about tax filings with the Treasury Department.  DN 25 at 3 (citing 27 C.F.R. § 70.305).  This provision doesn't relate to court filings.  *See Frediani v. United States Ct. of Appeals for 11th Cir.*, No. 19-cv-6644, 2020 WL 620066, at *2 (W.D.N.Y. Feb. 10, 2020) (because regulation did not apply to a certificate of appealability, the day of filing mattered for timeliness).  Nothing indicates this rule applies at all to Title VII; EEOC regulations, found under title 29, say a party has "90 days *within which to bring suit.*"  29 C.F.R. § 1601.21(b)(1) (emphasis added).  So the default rules under Fed. R. Civ. P. 5(d) (formerly 5(e)) apply: the date when the clerk receives the filing is determinative, not the date when the filing was mailed.  *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986); *Kassman v. Qualified Servs.*, 957 F. Supp. 1307, 1307 (E.D.N.Y. 1997) (pro se Title VII complaint was filed within the 90-day period based on when the clerk received it under Rule 5(e)).  Since the clerk received Vorice's complaint 2 days after the 90-day period, her claims must be dismissed.  *See generally Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 149–50 (90 days from plaintiff's receipt of notice to clerk's receipt of complaint, with no special exemptions or extensions).

Separately, Vorice's claim against her former supervisor Jay Foster must be dismissed because "a supervisor who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII."  *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001); Complaint at 2 (area manager); DN 1-2 (supervisor).  Vorice did not even respond to this argument as presented in his motion to dismiss (DN 13 at 3), which appears plainly correct.

So the Court grants Foster's (DN 13) and BellSouth's (DN 23) motions to dismiss.  A final judgement will follow.

Benjamin Beaton, District Judge
United States District Court

2

December 29, 2021